## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WANDA H. BRONER, | : | CIVIL COMPLAINT |
| Plaintiff, | : | 12 U.S.C. 2605; 31 U.S.C. |
| | : | § 3729(a); 42 U.S.C. § 1981; 42 |
| v. | : | U.S.C. § 1982; 42 U.S.C. § 1983; |
| | : | 42 U.S.C. § 1985; 42 U.S.C. |
| WASHINGTON MUTUAL | : | § 1988; O.C.G.A. § 44-7-52; |
| BANK, FA; SHAPIRO AND | : | 11 U.S.C. § 525(b) |
| SWERTFEGER; JACK | : | |
| SWERTFEGER; PHILIP A. | : | |
| HASTY; FIRST AMERICAN | : | CIVIL ACTION NO. |
| FIELD SERVICES; GAIL | : | 1:06-CV-0007-MHS |
| GONZALEZ; DEKALB | : | |
| COUNTY; GLEN GALBOUGH; | : | |
| and WILLIAM LINKOUS, | : | |
| Defendants. | : | |

## ORDER

Plaintiff has filed the instant, amended pro se civil action [Docs. 1 and 8]

and has been granted leave to proceed in forma pauperis [Doc. 5]. The matter is

presently before this Court for a 28 U.S.C. § 1915(e)(2) frivolity screening,

Plaintiff's emergency motion for a temporary restraining order and/or preliminary

injunction and request for an emergency hearing [Doc. 9], and Defendant

Washington Mutual Bank's response in opposition to Plaintiff's emergency motion

[Doc. 11].

AO 72A
(Rev.8/82)

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), a district court may dismiss an action brought in forma pauperis if the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II.   <u>Discussion</u>

    A.   <u>Plaintiff's Allegations</u>

**<u>Employment Allegations</u>**

    The time-line of events offered by Plaintiff is somewhat confusing. However, as best as can be determined, in May of 2002, Plaintiff's employer, DeKalb County, allegedly retaliated against her for requesting and taking medical leave (Doc. 8 at 4).[1] Plaintiff neither describes the initial "retaliatory harassment" nor the individual(s) who may have retaliated against her.

    On January 14, 2003,[2] two DeKalb County police officers allegedly told Plaintiff that she would be charged with criminal trespass, if she did not leave her job immediately. (<u>Id.</u>). Plaintiff states that she was formally terminated on January 28, 2003. (<u>Id.</u>). Plaintiff alleges that she lost her job due to being accused of falsifying an official record by submitting a doctor's certificate. (<u>Id.</u>). Plaintiff alleges that she never submitted such a document, and that Mr. Clarenton

---

    [1]The page numbers are referenced according to the number listed on the document and not the differing page number shown in the electronically filed document.

    [2]Plaintiff lists the date as January 14, 2002. However, the chronology of the described events suggests that she intended the year to be 2003.

3

Crawford, presumably a DeKalb County employee, used duplicates of previously submitted notarized statements. (Id.).  Plaintiff asserts that she was terminated in this manner so DeKalb County could "avoid my EEOC complaint." (Id.).  As proof, she alleges that an unnamed magistrate judge found that Plaintiff's employer "erred." (Id.).  However, Plaintiff does not describe the nature of the error or the circumstances surrounding the magistrate judge's alleged finding.

Plaintiff initially alleges that she was denied the opportunity to appeal her termination. (Id. at 5).  However, Plaintiff later states that a "termination appeal hearing was held" and her termination was "affirmed." (Id. at 9).

Plaintiff states that DeKalb County and Defendant William Linkous III was aware of her bankruptcy and "opposition" at the time she was fired. (Id. at 9).  Based on this alleged knowledge, Plaintiff alleges that Linkous and DeKalb County conspired to interfere with her equal rights, property rights, civil rights, bankruptcy law, and knowingly using a false record or statement. (Id.).

**Discriminatory Arrest**

Plaintiff alleges that shortly after serving DeKalb County with her discrimination lawsuit in December of 2003, she began experiencing "more intense discrimination." (Id. at 5).  Specifically, on December 25, 2003, Plaintiff

4

alleges that she was arrested and charged with unspecified "major felony violations." (Id.). The arrest apparently was related to traffic violations, as Plaintiff, an African-American, alleges that the white police officer allowed the white, male driver to make a false statement in order to have an insurance claim paid. (Id.). Plaintiff states that she spent five days in jail without seeing a judge. (Id.). Apparently, Plaintiff was unsuccessful in having the charges expunged from her record. (Id.).

Approximately one year later, Plaintiff states that she pled "no lo contender" on the advise of her appointed attorney. (Id.). Counsel allegedly informed Plaintiff that "the charges would be dismissed once the other parties processed an insurance claim." (Id.).

Plaintiff claims that court documents related to the incident differed from those she received "at the court appointment." (Id.). Plaintiff alleges that no transcript of the court proceeding(s) was made. (Id.). Plaintiff also alleges that the "altered documents were used to support a second jail sentence in February 2005." (Id.). Plaintiff states that she spent eight days in jail, and notes that the time in jail "coincided with the planned February 2005 eviction." (Id.). However, Plaintiff later states that she was evicted in May of 2005. (Id. at 5).

5

In relation to her arrests, Plaintiff has not named any individual as a defendant. However, Plaintiff is apparently alleging that DeKalb County is liable for her injuries related to these arrests.

**Bankruptcy/Foreclosure Allegations**

During April of 2004, Defendant Washington Mutual Home Loans notified Plaintiff that it was the holder of her mortgage. (Id. at 5). It appears, however, that Washington Mutual had actually acquired the rights to service the mortgage. (Id.). Approximately two months later, Washington Mutual Bank's attorney, Defendant Jack L. Swertfeger, employed by Defendant Shapiro & Swertfeger, notified Plaintiff that HomeSide Lending was foreclosing. (Id.). Washington Mutual then acquired Plaintiff's mortgage from HomeSide Lending. (Id.). Plaintiff states that her mortgage was insured by the United States Department of Urban and Housing Development ("HUD"). (Id.). In response to several demand letters from Shapiro and Swertfeger, Plaintiff made Real Estate Settlement Procedures Act ("RESPA") requests, pursuant to 12 U.S.C. § 2605. (Id.).

Plaintiff does not state when she filed for bankruptcy. Plaintiff does allege that she "was under a forbearance program" until she lost her job. (Id. at 4). Plaintiff alleges that she "remitted payments as directed from May 2004 until

6

September 2005." (Id. at 5).  Plaintiff states she "began making principal and interest only payments when my homeowner's insurance lapsed." (Id.).

On July 6, 2004, Washington Mutual Bank allegedly foreclosed on Plaintiff's home.[3] (Id. at 4).  The matter was then brought to state court. (Id. at 5-6).  In March of 2005, Washington Mutual Bank made an accounting of all payments received after July of 2004. (Id.).  In May of 2005, Washington Mutual Bank had Plaintiff evicted.[4] (Id. at 5).  Plaintiff alleges that the DeKalb County State Court should have ruled on her RESPA counterclaim. (Id. at 6).  Plaintiff states that her "appeals were dismissed administratively." (Id.).

On October 23, 2005, Defendant Gail Gonzales, employed by American General Field Services, was contacted, and she informed Plaintiff that payments she made were applied to those payments owed HomeSide Lending prior to her filing for bankruptcy, presumably to cover those payments which had previously

---

[3]Washington Mutual Bank's response in opposition to Plaintiff's emergency motion for a temporary restraining order and/or preliminary injunction includes an exhibit showing that it purchased the property on July 6, 2004, pursuant to a non-judicial foreclosure sale. (Doc. 11, Exh. 3).

[4]Washington Mutual Bank's exhibits show that after the eviction of May of 2005, the DeKalb County State Court ordered Plaintiff to pay the "rental amount of $20,850.72 into court by June 6, 2006, and $868.78 in court by the 5th of each month thereafter." (Doc. 11, Exh. 2).

AO 72A
(Rev.8/82)

been under forbearance. (Id.). In October of 2005, Plaintiff was evicted for the third time. (Id.).

Plaintiff alleges that Washington Mutual Bank, Shapiro & Swertfeger, Jack L. Swertfeger, Glen Galbaugh, and Philip A. Hasty conspired to violate several laws concerning bankruptcy, debt collection, truth in lending, uniform accounting principles, fair housing, proper representation of the character, amount, or legal status of a debt, knowingly presenting false claims, and various civil rights laws. (Id. at 8-9). Gail Gonzalez is accused of making a false claim and conspiring to violate Plaintiff's civil rights. (Id. at 10). Plaintiff seeks money damages and equitable relief. (Id. at 11).

B.   Analysis of Plaintiff's Allegations

On May 8, 2006, this Court dismissed this action without prejudice due to Plaintiff's failure to allege any facts in support of her legal conclusions. (Doc. 6). As indicated above, this Court has thoroughly reviewed Plaintiff's amended complaint. While the amended complaint provides more details, Plaintiff has still failed to allege any facts to support her claims.

First, with regard to Plaintiff's claim of wrongful termination, Plaintiff acknowledges that she was fired for filing a false document and there was a

8

dispute over her use of medical leave. While Plaintiff disputes her employer's findings, she has not alleged a single fact which would support a finding that Defendants Linkous and DeKalb County knew or should have known that her termination was based upon any improper reason(s) or purpose(s).

Plaintiff has also claimed that every Defendant has conspired to violate her civil rights and rights to equal protection under the law. Beyond stating she is black and some, if not all, Defendants are white, Plaintiff has not alleged a single fact to support her claimed civil rights violations.

It is well-established that the constitutional guarantee of equal protection does not forbid all classifications; rather, it "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). Similarly, "[w]hen comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects. . . ." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1273 (11th Cir. 2004). Plaintiff has not alleged that any white DeKalb County employee or any white individual, under similar economic circumstances, who had a home loan with Washington Mutual Bank was treated more favorably than her.

9

Plaintiff has also alleged that Washington Mutual Bank and its attorneys violated several bankruptcy, fair housing, debtor collection, and bankruptcy statutes. Again, Plaintiff does not allege any supporting facts. Instead, Plaintiff merely asserts legal conclusions against these Defendants. Moreover, Plaintiff admits that she failed to make an unspecified number of payments on her mortgage.

The DeKalb County State Court was not named as a Defendant. However, even if this court had been named as a party, this action could not be maintained against it for allegedly failing to consider Plaintiff's counter-claim and allegedly failing to have the case removed, presumably to federal court. See Zabriskie v. Court Administration, 172 Fed. Appx. 906, 907 (11th Cir. 2006) (relying on Manders v. Lee, 338 F.3d 1318 (11th Cir. 2003) to support finding that, as an "arm of the state" a state court is protected by Eleventh Amendment immunity) (unpublished opinion).

Plaintiff was given a second opportunity to support her claims with relevant, supporting facts. This Court finds that Plaintiff's amended complaint does not

10

allege facts which, if proven, would support her claims.  Accordingly, this action should be dismissed with prejudice.

III.  Conclusion

**IT IS ORDERED** that Plaintiff's motion to amend [Doc. 7] is **GRANTED**. The instant civil action [Docs. 1 and 8] is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff's emergency motion for a temporary restraining order and/or preliminary injunction [Doc. 9] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this ‍ day of ‍ , 2006.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)